Jon Webster (Cal State Bar No. 138786)
Angela Cabral (Cal State Bar No. 301878)
Cammila Valerio (Cal State Bar No. 314755)
THE LAW OFFICES OF JON WEBSTER
1985 Bonifacio Street, Suite 102
Concord, CA 94520-2264
Telephone: (925) 609-7600
Facsimile : (925) 671-7800

Attorney for Plaintiffs:
STEVEN CULLEN and
HIGHLAND JEWELRY & LOAN, INC.,
a California Corporation

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| STEVEN CULLEN, an individual, and HIGHLAND JEWELRY & LOAN, INC., a California Corporation,<br><br>Plaintiffs.<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, CITY OF HIGHLAND, and J. LOZANO, in his individual and official capacity as a Deputy Sheriff of the County of San Bernardino and Police Officer of the City of Highland, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND COSTS<br><br>Violation of Civil Rights, (42 U.S.C. §1983), Deprivation of Due Process under the United States and California Constitutions, Declaratory Relief (28 U.S.C. §2201), Conversion, and Trespass to Chattels<br><br>Jury Trial Requested |

**NATURE OF ACTION, JURISDICTION AND VENUE**

1. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the violations of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Federal jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 ("Section 1983") and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), 2202, Section 1983 and Federal Rule of Civil Procedure, Rule 57. Supplemental jurisdiction over Plaintiffs' state law claims is consistent with the provisions of 28 U.S.C. §1367.

2. Venue is properly in the Central District - Eastern Division because the events and actions alleged herein occurred in this district in the City of Highland, County of San Bernardino.

**PARTIES**

3. Plaintiff STEVEN CULLEN ("CULLEN") is a citizen of the United States. CULLEN is the sole shareholder of the Plaintiff, HIGHLAND JEWELRY & LOAN, INC., a California Corporation (hereinafter, "HIGHLAND "). CULLEN is the licensee under the California Financial Code for HIGHLAND and holds a pawnbroker license under the laws of the State of California. Collectively hereinafter, CULLEN and HIGHLAND are referred to as "Plaintiffs". Together, Plaintiffs operate "Highland Jewelry & Loan," a pawn shop located at 2601 E. Highland Avenue in Highland, California (hereinafter, "the PAWNSHOP").

4. Defendant CITY OF HIGHLAND (hereinafter, "CITY") is, and at all times herein mentioned was, a general law city, duly organized and existing under the laws of the State of California with the power to sue and be sued.

5. Defendant COUNTY OF SAN BERNARDINO (hereinafter, "COUNTY") is, and at all times herein mentioned was, a county government duly organized and existing under the laws of the State of California with the power to sue and be sued.

6. Defendant, "J. LOZANO" (hereinafter, "LOZANO") is, and at all times mentioned herein was, a peace officer with the San Bernardino County Sheriff's Department, and who, in doing the things alleged herein, acted in the scope and capacity as a Deputy Sheriff in the employ of COUNTY and a Police Officer in the employ of CITY. LOZANO is being sued in his individual and official capacity as a Deputy Sheriff and Police Officer.

7. LOZANO's acts hereinafter complained of were done pursuant to the policies, practices and customs of the Defendants COUNTY and CITY.

///

///

///

8. Pursuant to Local Rule 19-1, Plaintiffs are unaware of the identities and capacities of defendants DOES 1 through 10, and on this basis, Plaintiffs sue these defendants by fictitious names. Plaintiffs will amend the Complaint to substitute the true names and capacities of the DOE defendants when ascertained.

9. Plaintiffs are informed, believe, and thereon allege that DOES 1 through 10 are, and were at all times relevant herein, employees and/or agents of the Defendants COUNTY and/or CITY and are responsible for the acts and omissions complained of herein. Defendant DOES 1 through 10 are sued in both their official and individual capacities.

10. Each of the Defendants, their employees and agents, participated personally in the unlawful conduct challenged herein and, to the extent that they did not personally participate, authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent the acts that resulted in the unlawful conduct and the harm suffered by Plaintiffs. Each acted in concert with each other. The challenged acts caused the violation of Plaintiffs' rights.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. On or about February 3, 2017, an unnamed woman entered the PAWNSHOP and notified an employee of Plaintiffs' that items of jewelry had been stolen from her and that she believed the Plaintiffs purchased some or all of the jewelry. The unnamed woman pointed out the alleged stolen items which were on display and left the store shortly thereafter. The Plaintiffs' employee pulled the identified items from display.

12. Later that same day, San Bernardino Sheriff's Specialist named D. Spry, entered the PAWNSHOP and stated that a "property crime victim" had reported the Plaintiffs to be in possession of her allegedly stolen jewelry.

13. D. Spry demanded CULLEN show him various pieces of jewelry that the unnamed woman had stated were hers, including two necklaces and one ring from the inventory of the Plaintiffs. CULLEN provided Spry with all the information CULLEN had regarding the items, such as when they were acquired, and from whom the Plaintiffs had acquired the jewelry. Spry left shortly thereafter.

14. Approximately 30 minutes after D. Spry departed, LOZANO and D. Spry entered the PAWNSHOP. LOZANO provided CULLEN with a list of three individuals who were suspected of stealing the allegedly stolen jewelry. CULLEN searched the Plaintiffs' database to see if these persons had sold/pawned the jewelry to Plaintiffs. CULLEN found no matches.

15. Notwithstanding the lack of any match between the alleged suspects and the persons who sold/pawned the jewelry to Plaintiffs, LOZANO demanded that CULLEN immediately surrender the jewelry the unnamed woman had claimed to be hers. Over CULLEN's objections, LOZANO took the jewelry from the Plaintiffs. LOZANO told CULLEN that he was going to return the jewelry to the unnamed woman, whom he asserted was a crime victim, "Because he didn't want the victim to be, victimized twice."

16. CULLEN informed LOZANO that the taking of the jewelry from the possession of the Plaintiffs and giving it to the unnamed woman LOZANO allegedly believed to be a crime victim, violated Plaintiffs' due process rights. In fact, CULLEN went so far as to provide LOZANO with a copy of the case entitled, *G&G Jewelry v. City of Oakland*, 989 F.2d 1093 (9th Cir., 1993). Additionally, CULLEN explained to LOZANO how he could place a 90-day hold on the jewelry. Despite this advisement, LOZANO took the jewelry from the Plaintiffs' possession.

17. A short time after LOZANO took the jewelry from the Plaintiffs' possession, CULLEN extensively re-examined the Plaintiffs' database in an effort to see if the Plaintiffs had ever dealt with any person LOZANO had identified as a suspect. CULLEN found an individual matching one of the names LOZANO had provided; a name which had been spelled incorrectly and thus did not come up during the initial search. CULLEN emailed LOZANO and informed him that CULLEN had information about the person who sold the jewelry to Plaintiffs, however LOZANO never responded to CULLEN.

///

///

///

18. Plaintiffs and their counsel have repeatedly called the CITY and COUNTY to determine if the jewelry was ever booked into evidence, but those calls have gone unanswered. On this basis, Plaintiffs allege that LOZANO gave the jewelry to the unnamed woman as he had told CULLEN he intended to do at the time he took the jewelry from Plaintiffs' possession.

19. At no time have Plaintiffs been provided the hearing required pursuant to California Financial Code section 21206.8.

20. The Uniform Crime Report (Case No. 131700477), LOZANO provided CULLEN states that the theft is believed to have occurred between July 1, 2016 and February 3, 2017, however one of the items seized was purchased by the Plaintiffs on May 8, 2016, outside of the purported theft period.

21. As of the date of this Complaint, none of the jewelry taken by LOZANO from the Plaintiffs has been returned. Plaintiffs filed a governmental tort claim against the Defendants CITY and COUNTY on April 17, 2017. On May 9, 2017, the CITY denied the claim. On June 2, 2017 the COUNTY denied the claim.

22. As a direct and proximate result of the conduct as herein alleged, Plaintiffs have been deprived of their use and enjoyment of the jewelry taken by LOZANO. Plaintiffs' due process rights were violated when LOZANO took Plaintiffs' jewelry without any hearing or opportunity to be heard by a fair and impartial magistrate.

**FIRST CAUSE OF ACTION**
**- Right to Be Secure from Unreasonable Seizures -**
**[42 USC §1983, Fourth Amendment; Art 1, §13 of the California Constitution]**
**[As to All Defendants]**

23. Plaintiffs incorporate herein paragraphs 1 through 22 of their Complaint as though fully set forth herein.

24. By reason of the acts taken by Defendants CITY, COUNTY, LOZANO and DOES 1 through 10, inclusive, Plaintiffs' Fourth Amendment rights to be free from unreasonable seizure of their property was violated.

///

25. Plaintiffs are informed and believe that the acts of the Defendants, and each of them, including the acts of their employees and agents, were intentional in failing to protect and preserve Plaintiffs' property.

26. The actions complained of were done with the specific intent to deprive Plaintiffs of their constitutional rights to be secure in their property. Plaintiffs make this allegation on the basis that CULLEN had advised LOZANO of the Plaintiffs' rights as recognized by the Ninth Circuit Court of Appeal in the *G&G Jewelry* case but LOZANO refused to read or otherwise conduct himself consistent with the holding in *G&G Jewelry*. Further, Plaintiffs make this allegation based on their information and belief that neither the COUNTY nor the CITY have any written policy, procedure, or training on how their peace officers, like LOZANO, are to acquire and dispose of property placed on hold or seized from a pawnbroker consistent with California Business and Professions Code §21647 or Financial Code §21206.8, respectively.

27. Further, Plaintiffs are informed and believe, and thereon allege, that the CITY and the COUNTY have been deliberately indifferent to the need to properly train their peace officers, like LOZANO, and/or implement meaningful policies regarding the constitutional and statutorily guaranteed procedural safeguards and equal protection under the law that Plaintiffs enjoy.

28. Plaintiffs are informed and believe, and thereon allege, that the Defendants CITY and COUNTY knew or reasonably should have known of their duties with regard to the procedural due process rights that should have been accorded to the Plaintiffs under state code and federal precedent in that such procedural due process rights were "clear and established" by the decisions announced in *G&G Jewelry* at its progeny.

29. Plaintiffs aver that the Defendants, CITY and COUNTY, continuously and routinely deal with either the Plaintiffs or other licensed pawnbrokers, and will continue in their unlawful conduct, unless and until restrained by this court. If Defendants are not enjoined and restrained, Plaintiffs and those similarly situated will suffer immediate and irreparable injury, loss, and damage.

30. As a direct and proximate consequence of these unlawful acts, Plaintiffs have suffered and will likely continue to suffer loss of their property and are entitled to compensatory damages for their losses.

WHEREFORE, Plaintiffs request judgment as hereinafter set forth;

**SECOND CAUSE OF ACTION**
**- Right to Due Process of Law -**
**[Fifth and Fourteenth Amendments; Art. I, §7; 42 U.S.C. §1983]**
**[As to All Defendants]**

31. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

32. Defendants, and each and all of them, owed Plaintiffs a duty under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §7 of the California Constitution to protect the personal property of the Plaintiffs. This duty applied to preserving the jewelry taken by LOZANO from the Plaintiffs' possession.

33. Despite this well-defined duty and clearly established law, Defendants failed to provide Plaintiffs with a pre-deprivation or post-deprivation notice, or a hearing and/or opportunity to be heard before the jewelry was taken from Plaintiffs and transferred to other persons the Defendants or their agents and employees, including but not limited to LOZANO, deemed to be more worthy.

34. Plaintiffs are informed and believe and thereon allege that the acts of the Defendants, and each and all of them, were intentional in failing to protect and preserve Plaintiffs' property, and that, at a minimum, Defendants were deliberately indifferent to the likelihood that the property would be seized and transferred to person or person(s) the Defendants believed were more deserving than the Plaintiffs without due process of law and consistent with the California Business and Professions Code and/or Financial Code.

35. Defendants have seized and Plaintiffs have been informed and believe Defendants have transferred Plaintiffs' property without due process, lawful justification, or just compensation.

36. As a direct and proximate consequence of the acts of Defendants, their agents and employees, Plaintiffs have suffered and continue to suffer loss of their property.

WHEREFORE, Plaintiffs request judgment as hereinafter set forth;

**THIRD CAUSE OF ACTION**
**- Violation of Civil Rights: 42 U.S.C. §1983-**
**[As to All Defendants]**

37. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

38. By seizing the property as herein set forth from the Plaintiffs and by delivering the possession of said property to other person(s) the Defendants subjectively believe to be more worthy, Defendants, and each of them, deprived the Plaintiffs of their lawful possessory interests in said property under color of law in contravention to their constitutional and statutory rights.

39. As a direct and proximate consequence of the acts of Defendants, their agents and employees, including but not limited to LOZANO, Plaintiffs have suffered and continue to suffer loss of their property.

WHEREFORE, Plaintiffs request judgment as hereinafter set forth;

**FOURTH CAUSE OF ACTION**
**[Conversion]**
**[As to All Defendants]**

40. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

41. The unauthorized taking of the jewelry from Plaintiffs' possession by Defendants' agents and employees, including but not limited to LOZANO, was an interference with Plaintiffs' ownership and/or possessory rights.

42. Defendants' interference with Plaintiffs' ownership and/or possessory interests in the jewelry was intentional. Plaintiffs did not consent to the action of the Defendants.

///

43. Defendants' intentional interference with Plaintiffs' ownership and/or possessory interests in the jewelry has resulted in loss of the items and thereby a total loss to Plaintiffs of the value of the property.

44. Plaintiffs have demanded the return of their property, but Defendants, their agents and employees, have refused and continue to refuse to return the jewelry seized by LOZANO to Plaintiffs.

45. Defendants and their agents and employees had no legitimate governmental interest that gave their agents and employees, including but not limited to LOZANO, the legal right or justification to confiscate Plaintiffs' property and then immediately transfer that property to someone the Defendants deemed to be more worthy to possess the jewelry without a procedure to permit Plaintiffs to object to the seizure and distribution to a third party and to recover their property, and without fair compensation to Plaintiffs.

46. As a direct and proximate consequence of the acts of Defendants' agents and employees, including but not limited to LOZANO, Plaintiffs have suffered and continue to suffer loss of their personal property and are entitled to compensatory damages.

WHEREFORE, Plaintiffs request judgment as hereinafter set forth;

## FIFTH CAUSE OF ACTION
**[Trespass to Chattel]**
**[As to All Defendants]**

47. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

48. Defendants, their agents and employees, including but not limited to LOZANO, knew or had reason to know that the property seized by LOZANO and removed from Plaintiffs' possession was lawfully held by Plaintiffs, especially given the fact that Plaintiffs had acquired, reported, and had held the property consistent with the provisions of Chapter 9 of Division 8 of the California Business and Professions Code and had provided LOZANO with proof of compliance.

///

49. Defendants' agents and employees, including but not limited to LOZANO, purposefully took over possession of the property from Plaintiffs with total disregard for Plaintiffs' ownership and/or possessory rights.

50. Defendants' unauthorized acts resulted in Plaintiffs' loss of use of the property, and Plaintiffs have been damaged in an amount according to proof at trial.

WHEREFORE, Plaintiffs request judgment as hereinafter set forth;

**SIXTH CAUSE OF ACTION**
**- Declaratory and Injunctive Relief -**
**[28 USC §2201]**
**[As to All Defendants]**

51. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

52. An actual controversy now exists between Plaintiffs and Defendants named herein. Said controversy includes (1) whether pawnbrokers have a protectable Fifth Amendment interest in the property they receive from sellers and/or pledgers; (2) whether pawnbrokers have a Fourteenth Amendment Right to procedural due process over their possessory interests in their collateral; (3) whether the requirements of California Business and Professions Code, Section 21647, and/or California Financial Code Section 21206.8 must be followed or may arbitrarily be dismissed by Defendants.

53. Unless the Court issues an appropriate declaration of rights, the parties will not know whether the Defendants' conduct as herein set forth complies with the due process clauses of the United States and California Constitutions, and there will continue to be disputes and controversies surrounding the Defendants' policies, practices, habits or training as such relates to Plaintiffs and other licensed pawnbrokers in the State of California.

54. Because the conduct of the Defendants as herein set forth occurs quickly and without notice to a pawnbroker, innumerable similarly situated pawnbrokers and secondhand dealers may potentially be illegally deprived of their protected property interests before they could petition for a meaningful opportunity to be heard before a court.

55. Defendants have a mandatory duty not to infringe upon Plaintiffs' due process rights. Unless compelled to refrain from interfering with Plaintiffs' due process rights, Defendants are unlikely to cease and desist from their present practice of seizing property and delivering the same to person(s) the Defendants, their agents and employees, may deem more worthy.

56. Plaintiffs have no plain, speedy or adequate remedy at law to correct Defendants' conduct as alleged herein.

57. Plaintiffs have each suffered damages as a proximate result of the conduct of Defendants, their agents and employees, including but not limited to LOZANO. Said damages include, but are not limited to, loss of investment in the property taken, lost profits arising from the lost sale of the property seized and/or business income, and emotional distress, the full extent to which has yet to be determined. Plaintiffs will amend this complaint once they have ascertained with particularity their specific damages.

WHEREFORE, Plaintiffs pray for the following relief as set forth hereinafter:

## PRAYER

Plaintiffs pray as follows:

1. The immediate issuance of a temporary restraining order, followed by a preliminary injunction, and ultimately by a permanent injunction requiring Defendants to:

    (A) provide Plaintiffs and those similarly situated to Plaintiffs with the appropriate due process mandated by the Constitutions of the United States and California, as codified in California Business and Professions Code Section 21647 and California Financial Code Section 21206.8; and

///

///

///

(B) within two business days of placing any property hold on property in the possession of the Defendant or any other licensed pawnbroker or secondhand dealer, notify the alleged crime victims and the pawnbroker or secondhand dealer of the information required under Business and Professions Code Section 21647 subdivision (c); and

(C) return to the Plaintiffs and to those similarly situated all property placed on a "90 day hold" under the provisions of the California Business and Professions Code, Section 21647 when criminal proceedings have ceased; and

(C) hold property taken from a pawnbroker or secondhand dealer in evidence until a "property hearing" is conducted in compliance with the provisions of California Financial Code, Section 21206.8; and

(D) schedule a property hearing before a magistrate only after the Defendants have received a "written statement, signed under penalty of perjury" consistent with the requirements of subdivision (b)(1) of California Financial Code Section 21206.8; and

(E) if conducting the property hearing before a non-magistrate, conduct the hearing in a fair and impartial manner presided over by a neutral, fair and impartial hearing officer not related to a police officer, a claimant and not regularly employed by the COUNTY or CITY.

2. An award of damages fully compensating the Plaintiffs for their damages suffered as a proximate result of the Defendants' unjustified deprivation of the Plaintiffs' property and due process rights, including an award of punitive damages against the Defendants COUNTY, CITY, and LOZANO and DOES 1 through 10, inclusive.

3. An award of costs, including attorneys fees, pursuant to 42 United States Code, Section 1988 and California Code of Civil Procedure, Section 1021.5.

///

4. For such other and further relief as the court deems proper.

DATED: June 29, 2017 THE LAW OFFICES OF JON WEBSTER

/s

JON WEBSTER,
Attorney for Plaintiffs:
STEVEN CULLEN, an individual, and
HIGHLAND JEWELRY & LOAN, INC.,
a California Corporation